# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **WILLIAM C. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:09-0984** |
| ) | |
| **JUSTICE HIGHWALL MINING,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 1, 2009, Plaintiff, acting *pro se*, filed a Motion to Proceed Without Prepayment of Fees and his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document Nos. 1 and 2.) Plaintiff names the following as Defendants: (1) Justice Highwall Mining; and (2) Workforce West Virginia. (Document No. 2.) First, Plaintiff alleges that his constitutional rights were violated during state administrative proceedings concerning his unemployment benefits. (Id., pp. 2 - 12.) Specifically, Plaintiff contends that there was insufficient evidence to support the Deputy Commissioner and Administrative Law Judge's determination that Plaintiff voluntarily left his job without good cause involving fault on the part of the employer. (Id.) Plaintiff explains that Deputy Commissioner Marty Belcher [Deputy Belcher] conducted a predetermination hearing and "only the claimant (Mr. Smith) appeared." (Id., pp. 1 - 2.) Plaintiff contends that "state and federal law clearly states that once the other party refuses to attend the hearing for denying Mr. Smith's unemployment benefits, that party (Justice Highwall Mining) has no legal standing to deny Mr.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Smith's employment benefits." (Id., p. 2.) Plaintiff further complains that "[Deputy] Belcher based his decision on a letter Perry Ryder sent to Workforce West Virginia." (Id., p. 3.) Plaintiff argues that Perry Ryder's letter was inadmissible because Mr. Ryder did not attend the hearing. (Id.) Thus, Plaintiff asserts that there was insufficient evidence to support Deputy Belcher's finding that Plaintiff "left the property and told his co-workers that he said he was going to quit and go on unemployment." (Id.) Plaintiff claims that Deputy Belcher, prior to or after the hearing, improperly contacted Justice Highwall Mining inquiring as to whether Plaintiff was fired or quit.[2] (Id., p. 4.) Plaintiff contends that Sherry Ryder, an employee of Justice Highwall Mining, provided false information by informing Deputy Belcher that Plaintiff quit. (Id., pp. 4 - 5.) Thus, Plaintiff argues that Deputy Belcher improperly admitted evidence and denied him a jury trial as required by the Seventh Amendment. (Id., pp. 2 - 6.) Plaintiff further contends he is entitled to unemployment benefits and "[Deputy] Belcher committed treason against the United States Constitution, and conspiracy under the Civil Rights Act . . . by depriving [him] of rights or privileges." (Id., pp. 2 - 3.)

Plaintiff states that he appealed Deputy Belcher's decision and a hearing with an Administrative Law Judge was conducted. (Id., p. 6.) Plaintiff contends that Administrative Law Judge Gregory A. Tucker [Judge Tucker] improperly denied his appeal. (Id.) Specifically, Plaintiff alleges "[t]he evidence presented to Judge Tucker showed with physical evidence that [Deputy] Belcher willfully committed conspiracy, used tax dollars to commit a criminal act, denied Plaintiff's Sixth Amendment rights, denied Plaintiff's Fourteenth Amendment rights, and violated the rules of

---

[2] West Virginia Code § 21A-7-4(a) provides that "[a] deputy shall promptly investigate all claims."

civil procedure by making a favorable ruling for Justice Highwall Mining."[3] (Id., p. 7.)

Next, Plaintiff requests that this Court order the State of West Virginia and State of Virginia to "produce a state law making it a state crime to divorce or separate from one's spouse." (Id., pp. 12 - 22.) Plaintiff contends that the above law is necessary because a "non-custodial parent is a parent who has no constitutional rights to their child." (Id., pp. 13 - 14.) In support, Plaintiff states that "joint custody decreases crime. Non-custodial parent through state judicial orders increases crime."[4] (Id., p. 16.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "Request for Appeal" concerning the "Deputy's Decision" as filed on July 6, 2009 (Document No. 2-1, pp. 1, 5 - 9.); (2) A copy of the "Deputy's Decision" as filed on July 1, 2009 (Id., p. 2.); (3) A copy of Plaintiff's claim for unemployment benefits as filed with Workforce West Virginia on June 15, 2009 (Id., p. 3.); (4) A copy of the Workforce West Virginia's summary of the Predetermination Hearing dated

---

[3] The Court will briefly summarize the appeal procedure concerning unemployment benefits in West Virginia. First, a claimant should file a Claim for Benefits with the local Unemployment Compensation Office. The Unemployment Compensation Office will request information from the employer concerning why an individual is unemployed. Next, the Deputy Commissioner will issue a decision concerning whether the claimant should be paid unemployment benefits. *See* W. Va. Code § 21A-7-4. The claimant or employer may appeal the Deputy's Decision, and a hearing will be scheduled with an Administrative Law Judge. *See* W. Va. Code § 21A-7-8. If the claimant or employer is dissatisfied with the Administrative Law Judge's decision, he or she may file an appeal. *See* W. Va. Code §§ 21A-7-9 and 10. The Administrative Law Judge's decision will be reviewed by the Board of Review. *Id.* The claimant or employer may appeal the Board's decision to the Circuit Court of Kanawah County. *See* W. Va. Code § 21A-7-17. If the claimant or employer is dissatisfied with the Circuit Court's decision, he or she may file an appeal with the West Virginia Supreme Court. *See* W. Va. Code § 21A-7-27. Finally, if dissatisfied with the West Virginia Supreme Court's decision, the claimant or employer may file a petition for certiorari with the United States Supreme Court.

[4] The Court first notes that Plaintiff fails to name the State of Virginia or the State of West Virginia as a defendant. Furthermore, this Court does not have authority to order a State to enact a law prohibiting certain conduct.

3

July 1, 2009 (Id., p. 4.); (5) A copy of the "Request for Separation Information" as sent to Justice Highwall Mining from Workforce West Virginia (Id., p. 10.); (6) A copy of Plaintiff's "Termination Notice" dated June 23, 2009 (Id., p. 11.); (7) A copy of Workforce West Virginia's "Notice of Hearing Before Deputy Regarding Claim for Unemployment Compensation Benefits" dated June 24, 2009 (Id., p. 12.); and (8) A copy of General Manager Perry Ryder's summary of facts dated June 26, 2009, regarding Plaintiff's separation of employment from Justice Highwall Mining (Id., p. 13.).

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.  **Defendant West Virginia Workforce:**

The Court first finds that West Virginia Workforce is not a "person" as required by Section 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Additionally, suits against a state or state agencies for monetary damages are barred

by the Eleventh Amendment to the United States Constitution.[5] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Accordingly, the undersigned finds that Plaintiff has failed to state a claim against Workforce West Virginia under Section 1983.[6]

**2. Defendant Justice Highwall Mining:**

In his Complaint, Plaintiff contends that Justice Highwall Mining violated his constitutional rights by providing false testimony to Deputy Belcher and Judge Tucker. (Document No. 2, pp. 2 - 12.) Plaintiff explains that employee's of Justice Highwall Mining gave false testimony, which resulted in the denial of his unemployment benefits. (Id.) As stated above, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court first finds that Justice Highwall Mining is not a "person" as required by Section 1983. See Preval, 203 F.3d at 821. Next, the Court finds that even though an employee of Justice Highwall Mining may have been called as a witness during state administrative proceedings, the employee of Justice Highwall Mining was not a "state actor" for

---

[5] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[6] Furthermore, a thorough review of the Complaint reveals that Plaintiff is attempting to appeal or re-litigate the denial of his unemployment benefits. To the extent that Plaintiff wished to appeal the decision of the Administrative Law Judge, Plaintiff should have filed an appeal with the Board of Review.

purposes of Section 1983. "[P]rivate citizen witnesses are not 'state actors' . . . under § 1983." Nelson v. Thornsbury, 2010 WL 1038509 (S.D.W.Va. Jan. 12, 2010); also see Hall v. Watson, 2007 WL 1447755 (D.S.C. May 11, 2007)(finding that a detective "testifying as a witness at the preliminary hearing, was not a state actor.") Thus, Plaintiff cannot pursue a Section 1983 claim against Justice Highwall Mining.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 18, 2012.

R. Clarke VanDervort
United States Magistrate Judge